# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**PEDRO J. BAEZ-ROQUE, et al.,**

    **Plaintiffs,**

    v.

**BANCO BILBAO VIZCAYA ARGENTARIA-PUERTO RICO,**

    **Defendant.**

**Civil No. 10-1877 (ADC)**

## OPINION AND ORDER

On August 17, 2015, defendant Banco Bilbao Vizcaya Argentaria-Puerto Rico ("BBVA"), now Oriental Bank, informed the Court that it could not yet comply fully with the settlement agreement in this action because it did not know who should receive the two $500 settlement checks for decedent Georgina Mere-Fernández and also because Class Counsel Edgar J. Rivera-Nuñez had not certified whether he has located the class members whose uncashed settlement checks were returned to him as undeliverable. **ECF No. 74**, ¶ 2. BBVA asserted that it will not be able to calculate its payment to the Consumer Credit Counseling Services of Puerto Rico Inc. ("CCCS-PR"), as the settlement agreement requires, until both matters have been resolved. *Id*. As a result, BBVA moved the Court to determine who should receive the decedent's settlement checks and to order Class Counsel to certify the results of his efforts to locate the class members whose settlement checks were returned to him as undeliverable. *Id*. at 4.

In response, Class Counsel argued that there was no reason to locate the class members whose settlement checks were returned as undeliverable because, pursuant to the settlement agreement, their checks were rendered null and void on September 28, 2014. **ECF No. 75**, ¶ 3; *see also* **ECF No. 36** (Settlement Agreement), ¶ 34 (providing that BBVA "shall have no further obligation to make payments to the class member" once her check becomes null and void); *but see* **ECF No. 36**, ¶ 33 (stating that if a check is undeliverable, BBVA shall "timely provide Class Counsel with the information on the class member's application as to the class member's social security number, prior names, banking and credit relationships, date of birth, and past and present home and business addresses," and that Class Counsel shall then "resend the checks."). Class Counsel then stated that he would remit the decedent's settlement checks to BBVA, which should issue new checks payable to Alberto and Carlos Suárez-Mere. **ECF No. 75**, ¶¶ 4-5.

After some procedural jousting that lasted more than one and a half years, *see* **ECF Nos. 77**, **79**, **80**, BBVA and Class Counsel reached an agreement on the relief the Court should grant to resolve the outstanding issues in this action. *See* **ECF No. 86**. Meanwhile, Alberto and Carlos Suárez-Mere have repeatedly moved the Court, as pro-se interested parties, to order BBVA to issue the decedent's settlement checks in their name. *See* **ECF Nos. 83**, **84**, **85**, **87**. Alberto and Carlos Suárez-Mere claim to live at 159 NW 9th Street, #703, Miami, Florida 33136. **ECF No. 87**. The Court now **GRANTS** the relief that BBVA and Class Counsel jointly requested in **ECF No. 86**. Accordingly, the Court **DISMISSES AS MOOT** all of the other pending motions for relief. *See* **ECF Nos. 74**, **83**, **84**, **85**, and **87**.

In sum, the Court hereby **ORDERS** Oriental Bank to issue, within twenty (20) days of the publication of this Order, a check made payable to "Alberto Suárez Mere and Carlos Suárez Mere" in the amount of $1,000.00. This check shall constitute payment of the settlement amount due to decedent Georgina Mere-Fernández, as the record shows that Alberto and Carlos Suárez-Mere are her sole heirs. Once Oriental Bank has issued the check to Class Counsel, who must forward the check to Alberto and Carlos Suárez-Mere forthwith, Oriental Bank shall not be liable to any third party or unknown person, who claims an interest in the decedent's settlement payment, for having issued the payment only to Alberto and Carlos Suárez-Mere. The Court further **ORDERS** Class Counsel to surrender the two (2) checks originally sent to the decedent to Oriental Bank's counsel for internal auditing and financial purposes. Finally, the Court also **ORDERS** Oriental Bank to issue, within thirty (30) days of the publication of this Order, a check made payable to the CCCS-PR for the sum of "excess funds" left unclaimed in the Settlement Fund Account, which Oriental Bank has indicated was $33,000.00 as of August 11, 2015. Oriental Bank shall issue this check to Class Counsel, who must forward it to CCCS-PR forthwith.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 16th day of June, 2017.

                                              **S/AIDA M. DELGADO-COLÓN**
                                              **Chief United States District Judge**